SKRL DIE CASTING, INC., Petitioner,
Cross-Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,
Cross-Petitioner.

No. 79–1597.

United States Court of Appeals,
Sixth Circuit.

June 19, 1981.

As Amended July 22, 1981.

Jerry A. Fullmer, Jones, Day, Reavis & Pogue, Cleveland, Ohio, David Roloff, Stokes & Green, Cleveland, Ohio, for petitioner, cross-respondent.

Elliott Moore, Corinna Metcalf, Deputy Associate Gen. Counsel N. L. R. B., Washington, D. C., for respondent, cross-petitioner.

ORDER

Before ENGEL, KEITH and KENNEDY, Circuit Judges.

This matter is before the court on cross petitions for review and enforcement of an order of the National Labor Relations Board determining that petitioner Skrl Die Casting, Inc. violated sections 8(a)(1), 8(a)(3) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. The decision and order are reported at 245 N.L.R.B. No. 134 (1979).

The issues in this case arise from the efforts of the company and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (the Union) to negotiate a collective bargaining agreement covering the company's employees following Union certification. The parties attempted to reach an agreement from September, 1976 through August, 1978. The Administrative Law Judge determined that the initial negotiations between the Union and the company represented a good faith effort to arrive at a collective bargaining agreement. The Administrative Law Judge found, however, that subsequent conduct of the company outside of the bargaining process itself demonstrated an abandonment of its obligations to bargain in good faith. Accordingly, he found that the company violated section 8(a)(5) of the National Labor Relations Act. This extra-bargaining conduct included a statement made by the president of the company to an employee during the pendency of a strike and statements made by an assistant manager to employees during the strike. The Administrative Law Judge also determined that the company denied cus-

tomary overtime to George Harris, an employee who was a member of the Union bargaining committee.

Upon a careful review of the record as a whole, the court is of the opinion that substantial evidence fails to support the finding that the company did not negotiate in good faith. Although the court is of the opinion that substantial evidence supports the findings of the section 8(a)(1) and section 8(a)(3) violations with respect to certain statements made to the employees and the denial of overtime to George Harris, these isolated instances, considered in the context of the record as a whole, are not sufficient to support a finding that the company was not engaged in good faith bargaining, nor are they sufficient to support a finding that what commenced as an economic strike was thereby converted into an unfair labor practice strike. See *Collins & Aikman v. NLRB*, 395 F.2d 277 (4th Cir. 1968); *NLRB v. Ben Duthler, Inc.*, 395 F.2d 28 (6th Cir. 1968). Accordingly,

IT IS ORDERED that enforcement of those portions of the order and decision of the National Labor Relations Board which determine that the company refused to bargain with the Union in good faith and that the strike was therefore an unfair labor practice strike which required the company to rehire strikers upon their request is denied.*

IT IS FURTHER ORDERED, however, that in all other respects the order of the National Labor Relations Board be enforced.

---

* The notice which the company is required to post will also have to be amended by striking the first, sixth, and last paragraphs.